SUMMARY ORDER

Appellant Theresa B. Bradley, pro se, appeals the district court’s judgment denying her motion to vacate an arbitration award entered against her after arbitrating claims against Merrill Lynch & Company, Inc. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
Arbitration awards are subject to “severely limited” review by the courts. Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir.1997) (internal quotation omitted). We “review a district court’s decision to confirm an arbitration award de novo to the extent it turns on legal questions, and ... review any findings of fact for clear error.” Duferco Int’l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir.2003).
“A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law.” Id. The Federal Arbitration Act provides that, upon a motion by any party to an arbitration, a district court may vacate an arbitration award in the following circumstances:
(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded them powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
9 U.S.C. § 10(a)(1) — (4). We have also held that an arbitration award may be vacated if it exhibits a “manifest disregard of the law.” Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir.2004) (internal quotations omitted). When a party asserts that the arbitrator engaged in misconduct, “except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review.” Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir.1997).
Here, the district court properly denied Bradley’s motion to vacate the arbitration award. Other than disagreeing with the outcome, Bradley has failed to provide any support for her claims that the arbitration panel in this case was corrupt and dis *691 played a manifest disregard of the law. Moreover, Bradley does not point to where in the record she requested an adjournment of the proceedings due to Merrill Lynch’s failure to turn over documents, and an independent review of the arbitration transcript reveals that at no point did Bradley request to postpone the proceedings on that basis. Accordingly, Bradley has not raised any substantial issues on appeal that could warrant relief on this record, and she failed to meet her ultimate burden of showing the invalidity of the arbitration award. See Willemijn, 103 F.3d at 12.
We have carefully reviewed the Appellant’s remaining arguments and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.